## Richmond

Bernie H. Body v. Bertha H. Skeen, Et Al.

April 22, 1968.

Record No. 6578.

Present, All the Justices.

*Robert T. Winston* (*Kime, Jolly, Winston and Clemens*, on brief), for plaintiff in error.

*E. D. Vicars* for defendants in error.

Gordon, J., delivered the opinion of the court.

Under an agreement dated July 14, 1960, Bernie H. Body (the defendant) agreed to pay to Bertha H. Skeen and others (the plaintiffs) a royalty of 5¢ for each ton of coal mined on land not owned by the plaintiffs and transported over land owned by the plaintiffs (which we will refer to as the "Hamm property"). The plaintiffs brought this action on January 10, 1964 to recover a judgment in the amount of the agreed royalty for coal transported by the defendant over a certain road on the Hamm property.

The defendant asserted that because the road in question was a public road, he owed nothing to the plaintiffs. Plaintiffs' counsel having conceded in his opening statement that the agreement did not

require any payment for coal transported over a public road, the parties joined issue on the question whether the road in question was a public road.

The defendant introduced in evidence a deed of dedication, dated September 6, 1935, from J. W. Hamm (the plaintiffs' predecessor in title) and his wife, to the Board of Supervisors of Wise County, which provided:

" \* \* \*

" . . . That for and in consideration of $1.00 cash in hand paid, the receipt of which is hereby acknowledged, said first parties [J. W. Hamm and wife] do hereby grant and convey a right of way easement for a public road, thirty feet wide, from a point in the line of the lands belonging to the Virginia Iron, Coal and Coke Company, in the head of what is known as the Lawson Hollow, in the Lipps' Magisterial District of Wise County, Virginia, thence across the said J. W. Hamm's land at any point deemed most advantageous for the location of said road, to a point in the secondary highway, on Sandy Ridge.

"It is understood and agreed that the second party [the Board of Supervisors] shall not be considered as contracting to construct or maintain the said proposed road by accepting this said deed, but that the acceptance of said deed is for the purpose of constructing the said road with funds expended by the Virginia Emergency Relief Administration.

"\* \* \*"

This deed, which was signed only by the grantors (J. W. Hamm and his wife), was recorded on September 10, 1935.

It should be noticed that the September 6, 1935 deed purported not to dedicate an existing road as a public road, but a right-of-way for the establishment of a public road. Moreover, the grantors did not prescribe the precise route the proposed road should follow, only that it should run "across the said J. W. Hamm's land at any point deemed most advantageous for the location of said road, to a point in the secondary highway, on Sandy Ridge".

The evidence shows that the presently existing road across the Hamm property (with which we are concerned) was constructed and has been maintained by the owners of the Hamm property or by their lessees. It is a dirt road that crosses the property and terminates at a mine opening.

In an effort to prove that the presently existing road follows the right-of-way intended to be dedicated by the grantors under the September 6, 1935 deed, defendant's counsel introduced evidence to show that the existing road crosses the Hamm property "in the most advantageous location". Counsel also proffered evidence to show that the existing road is in the most advantageous location to reach the secondary highway on Sandy Ridge (referred to in the September 6, 1935 deed), if extended beyond its present terminus. Proof that the existing road follows the right-of-way intended by the grantors is not, however, determinative of the issue presented in this case.

For many years the road has been used for access to the Hamm homestead and for transporting coal across the Hamm property. Witnesses for the defendant who had used the road testified that they knew it was on the Hamm property and that they had never claimed any right to use the road.

On February 14, 1963, more than twenty-seven years after the September 6, 1935 deed was recorded, the Board of Supervisors of Wise County adopted a resolution reciting that the road referred to in the deed "is now in use" and accepting "the said deed and roadway". The record does not show that any other action was taken by the Board of Supervisors to establish the road as a public road.[1]

The trial judge struck the defendant's evidence and entered final judgment for the plaintiffs in the amount of $992.49, the sum admittedly owing if the road in question is not a public road. This appeal is from that judgment.

The road in question is not a public road unless the Board of Supervisors expressly or impliedly accepted the offer of dedication made in the September 6, 1935 deed. *City of Norfolk* v. *Meredith*, 204 Va. 485, 132 S.E.2d 431 (1963).

The Board did not expressly accept the dedication because it did not follow the statutory requirements relating to the establishment of a public road. Code of 1930 §§ 2039(1) *et seq.*, now Va. Code Ann. §§ 33-141 *et seq.* (1953 Repl. vol. and Supp. 1966). The statutes require, for example, that the Board appoint five freeholders or the

---

[1] The February 14, 1963 resolution was not properly introduced as evidence in this case. After the trial defendant's counsel learned of that resolution and moved the court to grant a new trial on the basis of after-discovered evidence. We agree with the trial court's denial of a new trial because the after-discovered evidence could have been obtained before the trial by the exercise of reasonable diligence and because the after-discovered evidence, even if it had been introduced at the trial, would not have affected the decision of the case. See *Fulcher* v. *Whitlow*, 208 Va. 34, 37-38, 155 S.E.2d 362, 365 (1967).

County road engineer to examine the proposed public road and report to the Board upon the expediency of establishing it as a public road. Code of 1930 § 2039(2), now Va. Code Ann. § 33-142 (Supp. 1966). The record in this case does not show that this requirement was met.

"Acceptance of a dedication of a road will be implied only where the public has treated it as a public road, under circumstances which would render it unjust to permit the landowner to reclaim it". *City of Norfolk* v. *Meredith, supra* at 491, 132 S.E.2d at 436. The record shows that the users of the road involved in this case did not regard it as a public road.

Because the evidence does not support a finding that the road in question is a public road, the trial court properly struck the defendant's evidence and entered judgment for the plaintiffs.

*Affirmed.*